UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

THE PEOPLE OF THE STATE OF NEW YORK
Ex. Rel: Barry S. Turner, Esq.
    On behalf of Kathleen Connors

       Petitioner,

  -v-                            No. 12-CV-3355-LTS-DCF

DISTRICT ATTORNEY OF NEW YORK
COUNTY,

SUPERINTENDENT, BEDFORD
CORRECTIONAL FACILITY,

       Respondents.

-------------------------------------------------------x

ORDER ADOPTING REPORT & RECOMMENDATION

       The Court has reviewed Magistrate Judge Freeman's January 5, 2015, Report and Recommendation (the "Report") recommending that the petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, filed on behalf of Kathleen Connors ("Petitioner"), be denied. Petitioner filed, through her attorney, what appears to be an objection[1] to the Report dated February 2, 2015, on February 10, 2015 (see docket entry no. 16), 22 days after the filing deadline imposed by Judge Freeman pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. For the reasons stated below, the Court adopts the Report in its entirety and dismisses the petition.

       In reviewing a report and recommendation, a district court "may accept, reject, or

---

[1] The document is titled "Petition for a Writ of Habeas Corpus" and was docketed as a second motion for writ of habeas corpus. It appears, instead, to be an objection to the Report.

modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.S. § 636(b)(1)(c) (LexisNexis 2001). "[W]here no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Johnson v. New York University School of Education, No. 00 Civ. 8117, at *1, 2003 WL 21433443 (S.D.N.Y. June 16, 2003). Further, where a petitioner only reasserts arguments that were advanced before the magistrate judge in their objections, the Report need only be reviewed under the clear error standard. Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. Sept. 25, 1985). Despite its untimeliness, the Court has exercised its discretion and considered Petitioner's late objection. Upon review, however, the objection contains only reassertions of arguments that were advanced in the initial petition (see docket entry no. 1 and memorandum of law (docket entry no. 13)), and thus the Court need only review the Report for clear error.

    The Court has reviewed carefully Magistrate Judge Freeman's thorough Report for clear error and finds none. Accordingly, the Court adopts the Report in its entirety for the reasons stated therein.

    The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444 (1962). Petitioner may not appeal this order unless "a circuit justice or judge issues a certificate of appealability." 28 U.S.C.S. § 2253(c)(1) (LexisNexis 2008). A certificate will be granted "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.S. § 2253(c)(2) (LexisNexis 2008); see generally United States v. Perez, 129 F.3d 255, 259-60 (2d Cir.1997) (discussing the standard for issuing a certificate of appealability). The Court finds that Petitioner will not be able to sustain this burden. Thus, the Court declines to issue a certificate of appealability.

The Court directs the Clerk of the Court to designate the filing at docket entry number 16 as an objection to the Report.  The Petition is dismissed in its entirety and the Clerk of Court is requested to enter judgment accordingly and to close this case.

SO ORDERED.

Dated: New York, New York
       July 10, 2015

      /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge